## CONTE v. THE MILL & MINE SUPPLY. CO.

*Warehousemen—Satisfaction of lien by sale of goods stored—Notice not mailed to owner's address appearing on receipt—Warehouse receipt insufficiently executed not binding, and statute governs rights—Section 8489, General Code—Question for jury whether notice of sale mailed—Charge to jury—Error to omit instruction upon conversion of goods, when.*

1. Where warehouse receipts required notice of sale of property stored to be sent to address named therein, storage company did not comply with receipt by mailing notice to owner at different address before selling property at auction.

2. Warehouse receipt, not filled out or executed, cannot be assumed to be intended as binding on parties either with respect to notice or waiver of requirements of Section 8489, General Code, as to notice, and in such case statute requiring notice to be delivered in person or by registered letter to last known place of business or abode of owner regulates rights of parties.

3. In action for conversion of stored goods sold by warehouseman, conflicting evidence whether notice of sale was mailed, as required by Section 8489, General Code, required submission of question to jury.

4. Instruction on cause of action for warehouseman's conversion of goods before sale, precluding consideration of conversion by wrongful sale not elsewhere submitted, *held* erroneous.

(Decided May 28, 1925.)

ERROR: Court of Appeals for Summit county.

*Messrs. Grant, Thomas & Buckingham,* for plaintiff in error.

*Messrs. Mather, Nesbitt & Willkie,* for defendant in error.

WILLIAMS, J.   For a considerable period of time after April 30, 1921, the plaintiff in error was imprisoned in the county jail of Summit county in connection with a murder, which grew out of an event referred to in the brief of defendant in error, and known to Dame Rumor in the city of Akron, Ohio, as "The Battle of the Marne," which, it appears, was a battle royal among some Italians living at the corner of Cuyahoga street and Tallmadge avenue in that city.   It further appears that plaintiff in error was not implicated in this murder, but was held in the jail as a witness.

During the time he was so incarcerated, that is, on June 3, 1921, a deputy sheriff of this county, with his consent and approval, stored certain goods of his with the defendant, which was then conducting a storage business in the city of Akron, Ohio, under the name of the Akron Warehouse Company.   At the time the goods were placed in storage a receipt purporting to have been issued by the Akron Storage & Contracting Company, in which name the business had previously been conducted by the defendant, but not signed by either of the parties, was issued to C. Lott, the deputy sheriff referred to, whose address was given at the head thereof as 197 West Tallmadge street.   At that time the defendant was not informed that the property was the property of the plaintiff.

The receipt in question had upon it the following, in fine print:

"The undersigned hereby consents that, if any storage or other charges on any of the above goods are not paid for six months after the same shall become due, the Akron Storage & Contracting Company may sell said goods, or any part thereof, at

public auction to pay the accrued charges thereon, after ten days notice in writing mailed to the address of the undersigned as given below, and the undersigned hereby consents that such sale may be made without giving the written notice and the published notice as required by statute, which statutory requirement the undersigned expressly waives."

Immediately following the printed matter is a space for name and address, but there is neither signature nor address thereon other than heretofore referred to.

Some months after the deposit of the goods in storage, the defendant learned that they were the property of plaintiff, and about the same time information was received from the plaintiff by the defendant as to his place of residence, but there is a conflict in the evidence as to whether plaintiff informed defendant that his place of residence was the Dixon Hotel in Akron, Ohio, or the Ford Hotel in Akron, Ohio. However, there is no evidence whatever as to what information the plaintiff gave as to the street and number at which he lived.

There was also issued by the defendant another receipt, which was substantially a copy of the original receipt, even to the date thereof, except that it bore at its head the name of Joe Conte, followed by the words, "Address, 197 W. Tallmadge street." The second receipt contained provisions identical with those above quoted from the original receipt, and likewise there was no name or address below such written provision.

Some time after this, on July 28, 1922, a notice to the effect that the goods in question would be sold at the time and place where they were in fact sold was mailed by registered letter, addressed to

"Mr. Jos. Contey, c|o Dixon Hotel, 704½ S. Main St., Akron, Ohio." The registered letter was returned to sender, and no actual notice was given to plaintiff of the sale at public auction, which occurred at the appointed time and place.

Some time after the sale of the goods plaintiff learned of it, and brought his action, claiming that the defendant had converted to its own use goods so stored, first, by selling them at public auction without such notice to the plaintiff, as was required by law under the circumstances of the case, and second, by negligently permitting to be lost or stolen a certain other part of the goods not sold at public auction.

As to the second claim, in the view we take of the case, we feel that it is not necessary to go into a detailed statement of the facts relating thereto.

As to the claim of wrongful conversion of the goods sold at public auction, the plaintiff in error claims that no notice was given as required by the provisions of Section 8489 of the General Code of Ohio, which, in so far as applicable, reads:

"Section 8489. A warehouseman's lien for a claim which has become due may be satisfied as follows:

"The warehouseman shall give a written notice to the person on whose account the goods are held, and to any other person known by the warehouseman to claim an interest in the goods. Such notice shall be given by delivery in person or by registered letter addressed to the last known place of business or abode of the person to be notified."

The defendant in its answer pleads substantially the provision of the receipt above quoted.

It could hardly be claimed that the defendant

complied with the terms of the receipt with regard to notice, because the receipt shows by its provisions that notice was to be mailed "to the address of the undersigned, as given below," and there was no address below at the place indicated. The only address of Joe Conte appearing on either of the receipts was "197 W. Tallmadge Street, Akron, Ohio," at the head thereof, and it is not claimed that any notice was ever mailed to that address. There is no evidence tending to show that the provisions in the receipts regarding notice were complied with, even if binding. As the receipts, so far as such provisons are concerned, were never filled out or executed, it cannot be assumed that those provisions were intended to be binding upon the parties, either with respect to notice or with respect to the waiver of the statutory requirements of notice under the provisions of the General Code above quoted. We are therefore of the opinion that those provisions of the General Code regulate the rights of the parties in this case with reference to giving notice of the sale of goods at public auction.

As there was a conflict in the evidence as to whether or not the notice in question was mailed by registered letter, addressed to the last known place of business or abode of the plaintiff, who was the person to be notified, that question should have been submitted to the jury for consideration under proper instructions. In that connection the following language in the charge of the court is complained of:

"Now, if you find that the defendant did keep all of the goods which it received of the plaintiff on June 3, 1921, until the time of the sale, then I

say to you your verdict should be for the defendant.

"The plaintiff's entire case rests upon this one proposition of whether there were more goods received by the defendant than were sold a year from the following August or than is now on hand over there."

The court erred in so charging, because the jury was precluded from considering the question referred to, and the charge does not otherwise contain appropriate language submitting that question to the jury for determination. The error was plainly prejudicial to the rights of the plaintiff.

In other respects, however, the charge is free from prejudicial error, and the question of negligence, in respect to goods other than those sold at public auction, was properly submitted to the jury.

For the reasons indicated, the judgment of the court below will be reversed, and the cause remanded for a new trial.

*Judgment reversed and cause remanded.*

RICHARDS, P. J., and YOUNG, J., concur.

Judges of the Sixth Appellate District sitting in place of Judges WASHBURN, FUNK and PARDEE, of the Ninth Appellate District.